**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **XINCHAO ZHANG** | **CIVIL ACTION NO. 3:26-1084** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **CHRISTOPHER BULLOCK, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Xinchao Zhang,[1] a detainee at Richwood Correctional Center in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Respondents oppose the petition. [doc. # 7]. For reasons below, the Court should deny the petition.

**Background**

Petitioner is a citizen of China. [doc. # 1, p. 2]. She entered the United States of America on January 7, 2016, "on a B-1/B-2 visitor visa and has resided continuously in the United States for approximately ten years." *Id.* at 4.

"On or about February 19, 2026, Petitioner was arrested in Atlanta, Georgia, by local law enforcement and U.S. Immigration and Customs Enforcement." [doc. # 1, p. 4]. "Petitioner was issued a Notice to Appear on February 19, 2026, which charged her with removability under

---

[1] Petitioner's "A-Number" is 208-816-542.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

INA § 237(a)(1)(B) as remaining in the United States for a time longer than permitted after an admission under INA § 101(a)(15), which was a 'nonimmigrant Visitor for Pleasure' authorization granted to Petitioner on or about January 7, 2026 for a temporary period not to exceed July 6, 2016."  [doc. # 7, p. 1].

"Petitioner sought custody redetermination before the Immigration Court.  Bond hearings were conducted on March 4, 2026, and March 13, 2026.  Both requests were denied based on a finding of flight risk.  The Immigration Judge found that Petitioner does not pose a danger to the community."  [doc. # 1, p. 2].

"Petitioner has timely appealed the bond denial to the Board of Immigration Appeals. That appeal remains pending."  [doc. # 1, p. 11].

Petitioner filed this proceeding on April 7, 2026.  [doc. # 1].  She claims: "The Immigration Judge's bond denial was arbitrary and constitutionally deficient because it ignored the most probative *Matter of Guerra* factors—including Petitioner's United States citizen spouse, pending I-130 and I-485 applications, minor child, decade-long residence in the United States, and lawful admission on a B-2 visa—and failed to consider the obviously less restrictive alternative of a reasonably higher monetary bond with conditions of supervision."  *Id.*

Respondents opposed the petition on May 27, 2026.  [doc. # 7].  Petitioner did not file a reply.

Petitioner has a hearing scheduled for June 22, 2026.[3]

## Law and Analysis

The parties do not dispute that Petitioner is detained under 8 U.S.C. § 1226.  Under Section 1226(a)(2), "the Attorney General . . . may release the alien on" bond.

---

[3] https://acis.eoir.justice.gov/en/caseInformation (last visited June 15, 2026).

Here, as above, the immigration judge denied Petitioner's request for bond on the merits, finding that Petitioner was a flight risk.

Under 8 U.S.C. § 1226(e): "The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."

Here, consequently, the Court lacks jurisdiction over Petitioner's claim.[4]

## **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Xinchao Zhang's petition for habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another

---

[4] *See Mol v. Garcia*, 2026 WL 1239308, at *2 (W.D. La. Apr. 20, 2026), *report and recommendation adopted,* 2026 WL 1233408 (W.D. La. May 5, 2026) ("The immigration judge's finding that Mol is a danger to the community is not reviewable in federal court. *See* 8 U.S.C. § 1226(e)[.]"); *Shcherbinin v. Rice*, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025), *report and recommendation adopted,* 2025 WL 3698403 (W.D. La. Dec. 19, 2025) ("Shcherbinin did not convince the immigration judge that he was no danger to the community, so the judge denied release pending a decision on whether Shcherbinin is to be removed from the United States. The Court lacks authority to review this discretionary decision."); *Valles v. De-Anda*, 2026 WL 1232394, at *2 (W.D. Tex. May 5, 2026) ("Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims."); *Fraihat v. Barr*, 790 F. App'x 120, 121 (9th Cir. 2020) ("[H]e challenges the agency's interpretation of his conviction record and asks that we find him not dangerous. That challenge is barred by Section 1226(e).").

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 15th day of June, 2026.

_____
Kayla D. McClusky
United States Magistrate Judge

4